IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **JERMAINE MITCHELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 6:10-cv-01316-AKK-PWG |
| ) | |
| **JOY McCRACKEN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report on February 7, 2011, recommending the dismissal of this action without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff filed objections to the report and recommendation on February 23, 2011. In his objections, the plaintiff maintains that he is entitled to "appropriate rehabilitative services" in order to enhance his ability to "live independently." (Doc. #16. p. 4). He complains that the Hamilton Aged and Infirmed facility does not presently provide any of the programs, services or activities that he described in his amended complaint. *Id*. at 5. However, the magistrate judge correctly pointed out that the ADA affords disabled persons legal rights regarding access to programs and activities enjoyed by all, and that the plaintiff has failed to identify *existing* programs or services from which

Defendants have barred him simply by reason of his disability.[1]  Although the plaintiff makes the vague allegation that prison officials have failed to provide "handicapped accessible" exercise and computer equipment, and that such equipment is available to other non-disabled inmates, he does not identify a specific "program, service or activity" from which Defendants have excluded him, or denied him the benefits of, because of his disability.  Not only is it unclear that computer and exercise equipment would constitute a "service, program or activity" as those terms are used by the ADA, but the plaintiff fails to specifically allege how Defendants have entirely excluded him from the use of the equipment on the basis of his disability.[2]  As presently pled, his allegations are too vague and conclusory to state a claim under the ADA.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED.  Therefore,

---

[1]  In that regard, it is important to note that inmates have no absolute constitutional right to rehabilitative or educational programs. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  More importantly, the ADA does not "create a right for an inmate to demand that the prison system or specific prison implement a specific type of rehabilitation or educational program which is not already available." *Garrett v. Angelone*, 940 F. Supp. 933, 942 (W.D.Va. 1996).

[2]  The fact that a prisoner's physical disability may make it more difficult for him to take advantage of services or programs offered at a prison is "not tantamount to stating a claim of exclusion or discrimination." *Burgess v. Goord*, 1999 WL 33458 *7 (S.D. N.Y. Jan. 26, 1999).

this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

    Done the 31st day of May, 2011.

                                               **ABDUL K. KALLON**
                                         UNITED STATES DISTRICT JUDGE